Smith, J.
The writ of mandamus will lie to require the performance by an officer of an act which the law specially enjoins as a duty resulting from an office, but according to the terms of the statute, it should not issue in a case where there is a plain and adequate remedy in the ordinary course of the law.
The application here is for a writ requiring the defendants, the seven judges of the court of common pleas of this county, *11 to proceed and try a certain action pending in that court, wherein Geo. Rhynearson is the plaintiff, and his wife is the defendant, (and wherein he seeks to be divorced from her on the ground that she has been wilfully absent from him for more than three years), when the same shall be duly set for trial according to the rules and regulations of said court.
The facts upon which the relief are sought, according to the petition, are in brief these: That after he brought this action, one of the judges of said court entered an order that it be not tried until plaintiff had paid the costs in two other actions for divorce which he had prosecuted against his wife on different grounds, and where his petitions had been dismissed; that the cause of action on which he now sues, arose after the dismissal of the other suits; that at the October term, 1893, the case was duly placed on the calendar for trial for October 16, 1893, and on that day plaintiff was present and ready for trial, but the court, on the motion of defendant, refused to hear the same, for the sole reason that he had not complied with the former order of the court as to paying the costs in the other cases.
We are of the opinion that the order first made as to this was erroneous and not warranted by law. We recognizs it to be the law that the court has the right to protect itself against abuse, and perhaps has authority to require where a second or third suit is brought on the same cause of action existing and set up in the former suits which were dismissed, to be paid before the case will be allowed to proceed. Such has been the holding of reputable courts; but on the allegations of the petition, such are not the facts in this case. The action now pending is based on a ground wholly different from that set up in the other cases, and the court, with the same propriety, might have ordered this case to stop until plaintiff had paid the costs adjudged against him in other cases with different parties.
J. C. Smith, for relator.

Judge Yaple, contra.

But it is urged that mandamus will not lie in the case, because the plaintiff has another plain and adequate remedy at law; that is, that he can go into the common pleas, and by motion seek to have the first order vacated. A petition in error was heretofore filed in this case to reverse this first order, but following the contention of counsel for the defendant in that ease, and who appears here, (Judge Yaple), we thought it was not such a final order as could be reviewed during the pendency of the action. If we were right as to this, it would seem that if the motion was refused, the plaintiff would be in no better position as to that, and he might be prevented from having his case disposed of for any length of time. Besides,, by having the ease set for trial, and urging its disposition, he did again appeal to the court which made the order for a practical vacation of it. The judge to whom it was thus presented had full power to proceed, notwithstanding such former order, and declined to do so, out of courtesy, we suppose, to the judge who had made the first order. We think he should have heard and disposed of the case when regularly assigned for trial and reached. No application has been made to the other judges for a trial or assignment, and they have not failed to discharge any duty imposed upon them by law, which is now complained of. If their names are stricken from the petition, an alternative writ will be allowed as to Judge Outealt, returnable at a short day to be fixed.